IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



IN THE MATTER OF THE SEARCH OF )
   2122 21st Road North )
   Arlington, Virginia; and )   Case Nos.   1:12-sw-1002
)                        1:12-sw-1003
IN THE MATTER OF THE SEARCH OF )
   University of Management and )
   Technology )
)

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the renewed request by Yanping Chen Frame ("Dr. Frame" or "movant") for an order to show cause why sanctions should not issue. Upon consideration of Dr. Frame's addendum and second addendum to the motion to show cause why sanctions should not issue (Docket nos. 19, 21), the response in opposition (Docket no. 22), the reply (Docket no. 23), the third addendum (Docket no. 24), the arguments presented by counsel during the hearing held on Tuesday, September 5, 2017 (Docket no. 25), and for the reasons discussed below, the court will deny movant's additional request for an order to show cause why sanctions should not issue.

**Factual and Procedural Background**

Movant's motion stems from two search warrants issued by the court on December 3, 2012. (Docket no. 4). On the date of issue, the court sealed the search warrants and applications until March 4, 2013. (Docket no. 3). At the government's request, on January 14, 2014 the court ordered the search warrants and applications partially unsealed "to allow counsel for Yanping Chen to review a redacted version of the affidavit in the U.S. Attorney's Office for the limited purpose of pre-indictment plea discussions." (Docket nos. 6, 7). On March 10, 2017, movant filed a motion for an order to show cause why sanctions should not issue, arguing that the

1

government had violated grand jury secrecy (Fed. R. Crim. P. 6(e)(2)(B)) by intentionally leaking documents obtained during the government's searches to Fox News and had violated the court's sealing order. (Docket no. 9).[1] Movant noted that a Fox News report published in February 2017 included "two photographs which are the personal property of Movant seized pursuant to one of the search warrants authorized by this Court." (*Id.* at 2). On March 24, 2017, the government filed a response to the motion to show cause arguing that there was no violation of a court order since the sealing order expired by its own express terms on March 4, 2013, and there was no violation of Fed. R. Crim. P. 6(e) because nothing in the Fox News report disclosed details concerning a grand jury investigation. (Docket no. 11). On April 7, 2017, the movant filed a reply detailing the harm movant and her University sustained as a result of the Fox News report. (Docket no. 13). On April 25, 2017, the court set a hearing for May 8, 2017. On May 5, 2017, movant filed an addendum to her original motion to show cause, discussing a second Fox News report and raising for the first time an allegation that the disclosure of movant's information was a violation of the Privacy Act (5 U.S.C. § 552a). (Docket no. 19). Following the hearing on May 8, 2017, this court denied the first motion for an order to show cause, finding no violation of the court's order sealing documents and that movant had failed to establish a *prima facie* violation of Fed. R. Crim. P. 6(e). (Docket no. 18). Given that movant's argument concerning the Privacy Act was not presented until May 5, 2017, and the government did not have an opportunity to respond to that claim, the court expressly stated that the ruling did not address the alleged Privacy Act violation. (*Id.*).

---

[1] Movant also filed a motion to compel the return of seized property (Docket no. 8) which the government moved to dismiss as moot because the property was being returned to the movant (Docket no. 10). The court denied the motion to compel based on the representation that the property seized pursuant to the search warrants had been returned. (Docket no. 17).

2

On May 22, 2017, movant filed a second addendum to the motion to show cause, again alleging in more detail a Privacy Act violation. (Docket no. 21). This second addendum also included an affidavit from Dr. Frame stating that the images published by Fox News were seized pursuant to the search warrants issued by the court and that she is not aware of any other source from which Fox News could have obtained those images other than from the materials obtained by the government through the search warrants. (Docket no. 21-1). The government filed a response in opposition on June 5, 2017 (Docket no. 22) arguing that this court lacks jurisdiction to consider the movant's request and, even if the court did have jurisdiction, movant failed to show that the evidence obtained constituted a "system of records" as required by the Privacy Act and that Stephen Rhoads was an agent of the FBI. (Docket no. 22). Movant filed a reply on June 15, 2017 (Docket no. 23) and a third addendum on July 5, 2017 (Docket no. 24) alleging that Fox News is continuing to report on Dr. Frame based on fruits of the government's investigation. The court held a hearing on September 5, 2017 and took the matter under advisement. (Docket no. 25).

**Legal Standard**

The Privacy Act

The Privacy Act was enacted in 1974 to "regulate the collection, maintenance, use, and dissemination of information" by federal agencies "in order to protect the privacy of individuals identified in information systems maintained" by those agencies. *See Doe v. Chao*, 540 U.S. 614, 618 (2004) (citing Privacy Act of 1974, Pub. L. No. 93-579 § 2(a)(5), 88 Stat. 1896 (1974)). The Act specifies several requirements for agencies' recordkeeping, such as having "adequate safeguards" to "prevent misuse of [identifiable personal information . . . ." Privacy Act of 1974, Pub. L. No. 93-579 § 2(b)(4), 88 Stat. 1896 (1974). The Act also provides for civil relief for

individuals harmed by the government's failure to comply with the Act's requirements in the following circumstances:

> Whenever any agency
> (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
> (B) refuses to comply with an individual request under subsection (d)(1) of this section;
> (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual . . . .

5 U.S.C. § 552a(g)(1).

The civil remedies available to individuals fall into two categories: equitable relief and monetary relief. Subsections 5 U.S.C. § 552a(g)(1)(A)–(B) provide for equitable relief, allowing for the correction of any inaccurate or otherwise improper material in a record, and a right of access against any agency refusing to allow an individual to inspect a record kept on him or her. 5 U.S.C. § 552a(g)(2)–(3). Subsections 5 U.S.C. § 552a(g)(1)(C)–(D) provide for monetary relief, including actual damages sustained as a result of an agency's actions as well as attorney's fees and costs. 5 U.S.C. § 552a(g)(4). In order to recover monetary damages for the actions specified in 5 U.S.C. § 552a(g)(1)(C)–(D), the movant is required to prove that "the agency acted in a manner which was intentional or willful . . . ." 5 U.S.C. § 552a(g)(4).

Moreover, to prevail on a wrongful disclosure claim under the Privacy Act, a movant must show that the (1) disclosed information is a "record" contained within a "system of records"; (2) agency improperly disclosed information; (3) disclosure was willful or intentional;

4

and (4) disclosure adversely affected plaintiff. *Cloonan v. Holder*, 768 F. Supp. 2d 154, 163 (D.D.C. 2011). A "system of records" is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual . . . ." 5 U.S.C. § 552a(a)(5).

### Federal Rule of Criminal Procedure 41

Federal Rule of Criminal Procedure 41 enumerates the actions a magistrate judge may take with respect to a search warrant proceeding. Under Fed. R. Crim. P. 41(b)(1), "a magistrate judge with authority in the district . . . has authority to issue a warrant to search for and seize a person or property located within the district . . . ." Rule 41 also provides remedies for the defendant, including the return of property, and the suppression of evidence at trial. *See* Fed. R. Crim. P. 41(g)–(h). As stated by the government in its motion to dismiss as moot, the property seized by the search warrants has been returned. (Docket no. 10).

## Analysis

As indicated above, the court denied movant's first request for relief finding there was no violation of the court's orders sealing documents and finding that the movant had not established a violation of grand jury secrecy under Fed. R. Crim. P. 6(e). (Docket no. 18). Movant has continued to seek relief against the government in these search warrant matters arguing a "violation of the Court's authority to authorize a search, and violation of the Privacy Act." (Docket no. 23 at 1).

The court's authority to issue search warrants is set forth in Fed. R. Crim. P. 41. Rule 41 also provides that the court may order the return of property seized pursuant to a search warrant and may suppress evidence as provide in Fed. R. Crim. P. 12. Other than receiving the return

5

along with the inventory, forwarding those materials to the clerk, and addressing any motion to return property, Rule 41 does not authorize the court to manage the collection, storage, or use of property obtained pursuant to search warrant. Movant has not provided the court with any authority or rulings from other courts in which the issue of improper disclosure of information obtained through a search warrant was addressed by the magistrate judge issuing the search warrant in that search warrant proceeding.

Movant's attempt to bring a claim under the Privacy Act in this criminal proceeding also appears to be unchartered territory. The cases cited by the movant and the government involve civil actions brought under the Privacy Act. None of the authorities cited by the parties involve a claim made in a search warrant proceeding. The proceedings contemplated by Rule 41 and the remedies provided by the Privacy Act are fundamentally incompatible with each other. An order to show cause is not an articulated remedy under the Privacy Act. The Privacy Act provides for several avenues for civil relief and the complaints asserted by the movant are more appropriately pursued through a civil complaint where the movant may be entitled to obtain discovery related to manner in which the information was disclosed to Fox News.

While the court finds that this search warrant proceeding is not the proper forum for the movant to seek relief, that is not to say that movant's allegations are without merit. As alleged, movant may have a claim for civil remedies under the Privacy Act under the test laid out in *Cloonan v. Holder*, 768 F. Supp. 2d 154 (D.D.C. 2011). First, movant alleges that the government maintained an investigatory file with the fruits of its searches attributable to her. (Docket no. 23, at 2). While the government disputes this characterization, movant has pled that the fruits of the investigation were maintained in a "system of records." Second, movant has pled that the alleged disclosure to Fox News was improper, as "providing information to the

6

media is not among the list of permissible disclosures listed in the Privacy Act." *Kelley v. Federal Bureau of Investigation*, 67 F. Supp. 3d 240, 260 (D.D.C. 2014); (Docket no. 21 at 2). Setting aside her allegations regarding Stephen Rhoads, the disclosure of the photographs as pled may constitute an impermissible disclosure under the Privacy Act. *See Kelley*, 67 F. Supp. 3d at 260. As alleged, there were no copies of the photographs outside movant's home at the time of the search. (Docket no. 21 at 1). Third, movant has pled that the disclosure was willful or intentional, as Fox News could not have received the pictures in question without an affirmative disclosure. (*Id.* at 2). Fourth, movant has alleged that the disclosure has adversely affected her, including calling into question the accreditation of her university. (Docket no. 19 at 7).

## Conclusion

Movant's allegations describe a troubling and potentially improper course of conduct. However, a proceeding for the issuance of a search warrant cannot provide the relief sought by the movant under the Privacy Act. Accordingly, for the reasons stated above, it is hereby

ORDERED that movant's additional request for an order to show cause is denied (Docket nos. 19, 21).

Entered this 26th day of September, 2017.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

7